**UNITED STATES COURT OF APPEALS**
**Filed 2/4/97**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

RONNIE R. MOCK,

    Defendant-Appellee.

No. 96-3203
(D.C. No. 95-CR-40086-01)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ronnie R. Mock appeals his sentences entered following a jury trial wherein he was found guilty of distribution of approximately ninety grams of marijuana, Count I; distribution of approximately eighty-six grams of marijuana, Count III; use of a communication facility for the distribution of marijuana, Count IV; unlawful possession of a firearm by a convicted felon, Count V; and distribution of approximately 5.75 grams of cocaine base, Count VI, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 922(g)(1) (1994).

On appeal, Mr. Mock contends the district court erred in applying the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) to his conviction on Count VI for distribution of approximately 5.75 grams of cocaine base and in calculating the quantity of drugs involved in Counts I, III, IV, and V for purposes of his base offense level. Mr. Mock asserts the term "cocaine base" in 21 U.S.C. § 841(b)(1) refers only to "crack cocaine" because Congress defined it as such under U.S.S.G. § 2D1.1. Therefore, he argues his sentences are erroneous because there is no proof that the cocaine base at issue was "crack cocaine" and the district court did not make a specific factual finding the cocaine base was crack.

The presence report calculated Mr. Mock's sentences for Counts I, III, IV, and V based on the finding that the "cocaine base" involved was "crack cocaine."[1] His sentence for Count VI was calculated pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), which sets a mandatory minimum of ten years imprisonment for a violation of 21 U.S.C. § 841(a) involving five grams or more of cocaine base when the defendant has a prior felony drug conviction. In response to the court's question at sentencing, Mr. Mock stated, "There's nothing substantive in the presence report that I have an objection to at all."

Although it is the government's burden of proof at sentencing to establish the type of cocaine, "'the burden of alleging factual inaccuracies of the presence report is on the defendant.'" *United States v. Richardson*, 86 F.3d 1537, 1554 (10th Cir.) (quoting *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 1117 (1995)), *cert. denied*, 117 S. Ct. 588 (1996). Failure to object to a fact in a presence report acts as an admission of fact. *Richardson*, 86 F.3d at 1554 (quoting *Deninno*, 29 F.3d at 580). Mr. Mock failed to object to the presence report's calculation of his sentences and base offense level based on the enhanced provisions for cocaine base/crack cocaine.

---

[1] The sentencing guidelines punish "cocaine base" or "crack cocaine" 100 times more harshly than other forms of cocaine. U.S.S.G. § 2D1.1.

Therefore, we review for plain error. *Richardson*, 86 F.3d at 1554. "'However, factual disputes do not rise to the level of plain error.'" *Richardson*, 86 F.3d at 1554 (quoting *Deninno*, 29 F.3d at 580). By failing to object to the scoring of the cocaine base, Mr. Mock has in effect waived the issue for appeal and his arguments based on the type of cocaine used for sentencing must fail.[2]

      **AFFIRMED.**

                                         **Entered for the Court**

                                       **WADE BRORBY**
                                       United States Circuit Judge

---

[2] We note that the district court adopted the findings of the presentence report which included a finding that on August 16, 1995, the confidential informant purchased "5.75 grams of crack cocaine" for $500 from Mr. Mock.